Filed 9/9/25  P. v. Norman CA5

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>BRENT NORMAN,<br><br>Defendant and Appellant. | F088205<br><br>(Super. Ct. No. F19905027)<br><br>**OPINION** |

## THE COURT[*]

APPEAL from a judgment of the Superior Court of Fresno County.  James A. Kelley, Judge.

Andrea Keith, under appointment by the Court of Appeal, for Defendant and Appellant.

Office of the State Attorney General, Sacramento, California, for Plaintiff and Respondent.

-ooOoo-

---

[*]     Before Franson, Acting P. J., Snauffer, J. and DeSantos, J.

Appellant Brent Norman appeals from the judgment of conviction entered after he pled no contest to felony driving under the influence of alcohol with two prior "super strike" convictions (Pen. Code, § 667, subd. (e)(2)(C)(iv)). He was sentenced to a prison term of 25 years to life. He did not obtain or attempt to obtain a certificate of probable cause.

Appointed appellate counsel for appellant has filed a brief pursuant to *People v. Wende* (1979) 25 Cal.3d 436 setting forth a summary of the proceedings and facts, raising no specific issues, and asking this court to independently review the record to determine whether there are any arguable issues on appeal. Appellant was advised of his right to file a supplemental brief but has not done so.

After an independent review of the record, we find no arguable issues that would result in a disposition more favorable to appellant. As such, we affirm the judgment.

## PROCEDURAL AND FACTUAL BACKGROUND

On February 20, 2024, appellant entered an open plea of no contest to felony driving with a 0.08 percent or higher blood-alcohol level (Veh. Code,[1] § 23152, subd. (b); count 1), felony driving under the influence of alcohol (§ 23152, subd. (a); count 2), and misdemeanor driving on a suspended license (§ 14601.2, subd. (a); count 3) on or about July 26, 2019. As to counts 1 and 2, appellant admitted he had suffered two prior gross vehicular manslaughter while intoxicated convictions (Pen. Code, § 191.5, subd. (a)) within the meaning of section 23550.5, subdivision (b); three prior felony driving under the influence convictions within the last 10 years within the meaning of section 23550.5, subdivision (a); and that he had suffered four offenses within 10 years within the meaning of section 23550. Appellant also admitted he drove a motor vehicle with a 0.15 percent or higher blood-alcohol level (§ 23578) and that he was on bail or out on his own

---

[1] All further statutory references are to the Vehicle Code except where otherwise indicated.

2.

recognizance when he committed the offenses (Pen. Code, § 12022.1). Appellant also admitted that the two violations of Penal Code section 191.5, subdivision (a) were "super strike" convictions within the meaning of Penal Code section 667, subdivision (e)(2)(C)(iv). Finally, appellant admitted that under California Rules of Court, rule 4.421(b)(2),[2] he had suffered prior convictions that were numerous or of increasing seriousness.[3] The defense stipulated to a blood-alcohol level of 0.19 percent and to a factual basis for the plea pursuant to *People v. West* (1970) 3 Cal.3d 595. At the time of accepting appellant's plea, the trial court advised appellant that his exposure was a prison term of 27 years to life. The court noted it "did not make any promises" but was willing to hear a defense motion regarding striking the strike convictions.

---

[2]     All further rule references are to the California Rules of Court.

[3]     Specifically, the following convictions appellant admitted to were:

- a 1994 conviction for driving on a suspended license (§ 14601.1, subd. (a));
- a 1995 conviction for driving on a suspended license (§ 14601.1, subd. (a));
- two 1999 convictions for driving with a blood-alcohol level of 0.08 percent or above (§ 23152, subd. (b));
- a 2000 conviction for receiving stolen property (Pen. Code, § 496, subd. (a));
- two 2002 convictions for gross vehicular manslaughter while intoxicated (Pen. Code, § 191.5, subd. (a));
- a 2012 conviction for driving on a license suspended for driving under the influence (§ 14601.2);
- a 2012 conviction for driving with a blood-alcohol level of 0.08 percent or above (§ 23152, subd. (b));
- a 2015 conviction for driving on a license suspended for driving under the influence (§ 14601.2, subd. (a));
- a 2015 conviction for driving with a blood-alcohol level of 0.08 percent or above (§ 23152, subd. (b));
- a 2015 conviction for driving under the influence of alcohol (§ 23152, subd. (a));
- a 2021 conviction for driving under the influence of alcohol (§ 23152, subd. (a)); and
- a 2023 conviction for receiving a stolen vehicle (Pen. Code, § 496d, subd. (a)).

The probation report set forth the underlying facts of the offenses:[4] A woman called law enforcement because appellant was refusing to leave her residence. When law enforcement arrived, appellant had already left but was traveling back towards the residence in a vehicle. Law enforcement was able to contact appellant, and during that time, they received a reckless driving report regarding appellant. The witness reported appellant drove over a lawn and " 'appeared to have no regard for the residents' " standing on the sidewalk. Appellant admitted to having consumed alcohol prior to driving and submitted to a breath test which resulted in a blood-alcohol level of 0.19 percent.

The prosecution filed a sentencing brief opposing any exercise of the trial court's discretion to strike one of the prior strike convictions under Penal Code section 1385, contending appellant was not outside the spirit of the "Three Strikes" sentencing scheme. The prosecution provided the following facts underlying the strike convictions: In 2000, appellant was driving erratically and at excessive speeds. When law enforcement attempted to conduct a stop, appellant did not stop, and a high-speed chase ensued. Eventually, appellant sideswiped another vehicle, forcing the driver into opposing traffic, where he collided with another vehicle. Neither victim driver survived. Appellant's vehicle overturned due to the impact, and he continued to evade law enforcement. Appellant was eventually detained and taken to the hospital, where a blood draw revealed a blood-alcohol level of 0.29 percent. He was convicted of two counts of gross vehicular manslaughter while intoxicated, one for each victim.

In its brief, the prosecution further pointed out that appellant was sentenced to 24 years four months in prison for his manslaughter convictions in 2002 and paroled in 2011. The prosecution went on to outline appellant's subsequent criminal history upon release, including several subsequent driving under the influence offenses, parole and

---

[4] Appellant waived a preliminary hearing.

supervised release violations, additional prison terms, and other offenses. The prosecution noted that appellant had been convicted of a total of 16 felony counts, including nine lifetime driving under the influence convictions and highlighted that appellant had little crimefree time spent out of custody.

Appellant filed a statement in mitigation and an invitation to the trial court to strike the prior strike offenses pursuant to Penal Code section 1385 and *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497. Appellant argued several mitigating circumstances existed, including that he was fearful of the woman's husband at the time he committed the present offenses and suffered from alcohol addiction. He further argued that though he had a lengthy criminal history, a life sentence was disproportionate for a nonserious, nonviolent crime.

At sentencing on June 6, 2024, after hearing arguments from the parties, the trial court declined to strike appellant's prior strike convictions, noting appellant's continued criminal behavior, including driving under the influence offenses, since being released from prison on his vehicular manslaughter convictions. The court sentenced appellant to a term of 25 years to life on count 1. The court stayed punishment on the out-on-bail enhancement and imposed and stayed punishment on count 2 pursuant to Penal Code section 654. Count 3 was dismissed by the court on its own motion, in the interest of justice.

The trial court awarded 1,624 custody credits, consisting of 812 actual credits and 812 conduct credits. The court imposed a restitution fine of $10,000 (Pen. Code, § 1202.4), a matching parole revocation fine that was suspended (Pen. Code, § 1202.45), $40 court security fee (Pen. Code, § 1465.8), and a $30 criminal conviction assessment (Gov. Code, § 70373). The court declared appellant a habitual traffic offender under section 13350, subdivision (b) and revoked appellant's driving privilege pursuant to

section 13352, subdivision (a)(7).  Finally, the court gave appellant a *Watson*[5] advisement.

Appellant filed a notice of appeal indicating the appeal was from a judgment after a jury or court trial.  No certificate of probable cause was submitted.

On March 13, 2025, appellant's appointed counsel filed a motion to construe the notice of appeal to reflect that it was not a jury trial but a plea that resulted in the present appeal.  This court granted the motion on the same day and indicated it was construing the notice of appeal "to be an appeal from the judgment entered on June 6, 2024, and taken after a plea of guilty or no contest and based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

On March 24, 2025, in response to a request by appellate counsel, the trial court prepared an amended abstract of judgment with the amount of presentence custody credits corrected to reflect appellant had earned 1,736 total credits, made up of 868 actual credits and 868 conduct credits at the time of sentencing.

## DISCUSSION

We have reviewed the record under *Wende* and *People v. Kelly* (2006) 40 Cal.4th 106.  Consistent with our Supreme Court's direction in *Kelly*, we have provided a brief description of the relevant facts and the procedural history of this case.  We have summarized the crimes of which appellant was convicted, and the punishment imposed. (*Kelly*, at p. 110.)  As stated above, appellant has not filed supplemental contentions for us to review.

Having undertaken an examination of the entire record, we find no arguable issue that would result in a disposition more favorable to appellant.

## DISPOSITION

The judgment is affirmed.

---

[5] *People v. Watson* (1981) 30 Cal.3d 290.